UNITED STATES COURT OF INTERNATIONAL TRADE

ORIGINAL

| | |
|---|---|
| NISSEI SANGYO AMERICA, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 01-00429 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Nissei Sangyo America, Ltd. ("Plaintiff"), through its attorneys, Katten Muchin Zavis, hereby brings this action and alleges the following:

### Jurisdiction

1.  This is an action to recover Harbor Maintenance Taxes on import shipments paid by Plaintiff to the defendant United States, pursuant to 26 U.S.C. §§ 4461-4462 and 19 C.F.R. § 24.24. Because the resolution of Plaintiff's claim requires a determination as to the constitutionality of an act of Congress, the exhaustion of administrative remedies is neither required nor appropriate. *See* Thomson Consumer Electronics, Inc. v. United States, ___ F.3d ___ (Fed. Cir. 2001). The Court has jurisdiction of this action under 26 U.S.C. § 4462(f)(2) and 28 U.S.C. § 1581(i). This action has been commenced within the limitation period specified in 28 U.S.C. § 2636(i).

### Standing

2.  Plaintiff is, among other things, an importer of merchandise into the United States, including commercial cargo as defined at 26 U.S.C. § 4462(a)(3). In connection with its

importations of commercial cargo, Plaintiff has become liable for and paid Harbor Maintenance Taxes. Plaintiff has standing to commence this action under 28 U.S.C. § 2631(i).

### Facts

3.  Section 4461 of Title 26, United States Code, imposes a Harbor Maintenance Tax on commercial cargo exported from and imported into the United States on commercial vessels, as well as domestic shipments of commercial cargo. The amount of the tax is equal to 0.125% of the value of the commercial cargo involved.

4.  Since the enactment of the Harbor Maintenance Tax as part of the Water Resources Development Act of 1986, Plaintiff has imported commercial cargo into the United States on commercial vessels and paid Harbor Maintenance Taxes on its importations.

5.  By its terms, the Harbor Maintenance Tax does not apply to cargo: (a) loaded on a vessel in a port in the United States mainland for transportation to Alaska or Hawaii for ultimate use or consumption in Alaska or Hawaii; (b) loaded on a vessel in Alaska or Hawaii for transportation to the United States mainland for ultimate use or consumption in the United States mainland; (c) described in (a) or (b) and unloaded in Alaska, Hawaii or the United States mainland; or (d) loaded in Alaska or Hawaii and unloaded in the same state.

6.  By its terms, the Harbor Maintenance Tax does not apply to the loading and unloading of any cargo on or from a vessel if any fuel of such vessel has been (or will be) subject to the tax imposed by 26 U.S.C. § 4042 on fuel used in commercial transportation on inland waterways.

7.  By its terms, the Harbor Maintenance Tax applies to any commercial cargo that is loaded on or unloaded from a commercial vessel at a United States "port," as defined in 26 U.S.C. § 4462(a)(2), other than commercial cargo covered by the aforementioned exemptions favoring Alaska and Hawaii, the exemption referred to in paragraph 6 above, the exemption for

United States possessions set forth at 26 U.S.C. § 4462(b), the exemption for certain bonded commercial cargo set forth at 26 U.S.C. § 4462(d), the exemption for the United States set forth at 26 U.S.C. § 4462(e) or the special rules set forth at 26 U.S.C. § 4462(g).

8. By its terms, the Harbor Maintenance Tax does not apply to any channel or harbor (or component thereof) which is an inland waterway.

9. By its terms, the Harbor Maintenance Tax only applies to channels of the Columbia River in the States of Oregon and Washington up to the downstream side of the Bonneville lock and dam.

10. Harbor Maintenance Taxes are not imposed on or collected from importers of merchandise who enter their goods at any port of entry located in the following States: Arizona, Arkansas, Colorado, Idaho, Iowa, Kansas, Kentucky, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, South Dakota, Tennessee, Utah, Vermont, and West Virginia.

### Count I

11. The allegations of paragraphs 1 through 10 are restated and incorporated herein by reference.

12. Article I, § 8, cl. 1 of the U.S. Constitution, commonly known as the Uniformity Clause, provides in pertinent part that "all Duties, Imposts and Excises shall be uniform throughout the United States."

13. The Harbor Maintenance Tax is a duty, impost, and/or excise within the meaning of the Uniformity Clause.

14. The Harbor Maintenance Tax is not imposed or collected uniformly throughout the United States within the meaning of the Uniformity Clause.

15. The Harbor Maintenance Tax violates the Uniformity Clause of the U.S. Constitution.

### **Count II**

16. The allegations in paragraphs 1 through 10 are restated and incorporated herein by reference.

17. Article 1, § 9, cl. 6 of the U.S. Constitution, commonly known as the Port Preference Clause, provides in pertinent part, "No Preference shall be given by any Regulation of Commerce or Revenue to the Ports of one State over those of another."

18. The Harbor Maintenance Tax is a regulation of commerce or revenue within the meaning of the Port Preference Clause.

19. By its terms, the Harbor Maintenance Tax discriminates in favor of all ports in the States of Alaska, Hawaii, Arizona, Arkansas, Colorado, Idaho, Iowa, Kansas, Kentucky, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, South Dakota, Tennessee, Utah, Vermont, and West Virginia, and discriminates against all other States with a "port" as defined in 26 U.S.C. § 4462(a)(2).

20. The Harbor Maintenance Tax creates a preference within the meaning of the Port Preference Clause.

21. The Harbor Maintenance Tax is unconstitutional because it violates the Port Preference Clause of the U.S. Constitution.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment:

1) holding that the Harbor Maintenance Tax violates the Uniformity Clause of the Constitution of the United States;

2) holding that the Harbor Maintenance Tax violates the Port Preference Clause of the Constitution of the United States;

3)      ordering the United States to stop assessing Harbor Maintenance Taxes on merchandise imported into the United States by Plaintiff;

4)      directing the United States to refund to Plaintiff, with interest, the Harbor Maintenance Taxes paid by Plaintiff in connection with merchandise imported into the United States; and

5)      granting Plaintiff such other and further relief as the Court deems appropriate.

                                      Respectfully submitted,

                                      David M. Dunbar
                                      Katten Muchin Zavis
                                      525 W. Monroe
                                      Suite 1600
                                      Chicago, Illinois 60661
                                      (312) 902-5315

<u>Of Counsel</u>:

Mark S. Zolno
Michael E. Roll


Dated:   June 12, 2001

# UNITED STATES COURT OF INTERNATIONAL TRADE
## COURT NO. 01-00429
## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney with Katten Muchin Zavis, with offices located at 525 West Monroe Street, Chicago, Illinois, and that on June 12, 2001, on behalf of plaintiff herein, he served the attached summons and complaint upon the following person:

> Joseph I. Liebman, Esq.
> Attorney-in-Charge
> International Trade Field Office
> Commercial Litigation Branch
> U.S. Department of Justice
> 26 Federal Plaza
> New York, NY 10278

the attorney for the defendant herein, by certified mail, return receipt requested (# P 059 718 375), by causing a true copy thereof to be deposited in a United States mail receptacle, properly enclosed in a securely sealed envelope, postage prepaid, addressed to said attorney as above indicated.

*/s/ David M. Dunbar*
_____
David M. Dunbar

RECEIVED & FILED

2001 JUN 18 P 2: 19

IN ACCORDANCE WITH THE PROVISION OF RULE 5(e), THIS PAPER IS DEEMED FILED AS OF THE DATE OF MAILING-TO WIT 6/13/01